

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-30151 |
| Plaintiff - Appellee, | D.C. No. 2:13-cr-00066-LRS-1 |
| v. | |
| TAM QUANG DO, AKA Kevin, AKA Tom, AKA Tony, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Lonny R. Suko, District Judge, Presiding

Submitted September 2, 2015**
Seattle, Washington

Before: HAWKINS, GOULD, and N.R. SMITH, Circuit Judges.

Defendant-Appellant Tam Do appeals his conviction and sentence. He was

convicted of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349,

wire fraud in violation of 18 U.S.C. § 1343, aggravated identity theft in violation

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

of 18 U.S.C. § 1028A, and odometer fraud in violation of 49 U.S.C. § 32703(2) and § 32709(b). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Do contends that the district court: (1) improperly admitted evidence of Do's 2010 conviction for odometer fraud, aggravated identity theft, and mail fraud; (2) failed to give a sufficient limiting instruction to overcome the prejudicial effect of Do's prior conviction; and (3) improperly denied Do's motion for mistrial after inadmissible hearsay testimony was presented to the jury. We review each of these actions for abuse of discretion, which "requires us to uphold a district court determination that falls within a broad range of permissible conclusions, provided the district court did not apply the law erroneously." *Kode v. Carlson*, 596 F.3d 608, 612 (9th Cir. 2010) (per curiam). We hold that the district court did not abuse its discretion.

First, the district court did not abuse its discretion in admitting Do's previous conviction under Federal Rule of Evidence 404(b)(2).[1] Contrary to Do's

---

[1] In order for evidence to be properly admitted under Federal Rule of Evidence 404(b)(2), the government has the burden of proving: "(1) the evidence tends to prove a material point; (2) the other act is not too remote in time; (3) the evidence is sufficient to support a finding that defendant committed the other act; and (4) (in certain cases) the act is similar to the offense charged." *United States v. Bailey*, 696 F.3d 794, 799 (9th Cir. 2012) (quoting *United States v. Romero*, 282 F.3d 683, 688 (9th Cir. 2002)). Do does not contend that the evidence was improperly admitted under this test.

contention that the conviction should have been excluded under Federal Rule of Evidence 403, the district court properly considered whether the probative value was substantially outweighed by unfair prejudice. Fed. R. Evid. 403. We will uphold the district court's Federal Rule of Evidence 403 analysis, so long as it is based on a review of the record, and the district court properly considered Rule 403's requirements. *United States v. Rrapi*, 175 F.3d 742, 749 (9th Cir. 1999). The record does not support Do's argument. The district court explicitly and repeatedly balanced the probative nature of Tam Do's previous conviction against any unfair prejudice, limiting the amount of conviction information the government could present to the jury.

The district court also did not abuse its discretion when it chose not to use Do's proposed limiting instructions. District courts have substantial latitude in tailoring jury instructions, so long as the instructions "'fairly and adequately cover the issues presented, correctly state the law, and are not misleading.'" *Gilbrook v. City of Westminster*, 177 F.3d 839, 860 (9th Cir. 1999) (quoting *Chuman v. Wright*, 76 F.3d 292, 294 (9th Cir. 1996)). Using similar language to the Ninth Circuit's Model Criminal Jury Instruction 4.3, the district court properly instructed the jury on what grounds Do's prior conviction could be considered.

Finally, the district court did not abuse its discretion when it denied Do's motion for mistral after inadmissible hearsay testimony was presented to the jury. Do argues that Special Agent Branham's hearsay testimony linking two odometer receipts to "Pete's Independent Honda Repair" and to Do was so prejudicial that a limiting instruction to disregard the testimony was insufficient to overcome the harm done. We disagree. Here, evidence on the record already supported an inference that Do was connected to Pete's Independent Honda, allowing the jury to make the very conclusions that Do argues were so prejudicial. The district court's decision to deny Do's motion and give the jury limiting instructions instead was not an abuse of discretion.

**AFFIRMED**.